Ross T. Johnson
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
ross@mttriallawyers.com

Zachary Kitchen
THE PRACTICE OF LAW, PLLC
1601 2nd Avenue North
Great Falls, MT 59401
(406) 531-8499
zach@practicemt.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

_____

| | |
|---|---|
| MARCUS ADAMSON, | ) CAUSE NO. _____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT AND JURY** |
| | ) **DEMAND** |
| EAST PENN LOGISTICS, LLC; | ) |
| LARRY ALLEN WARNER; and | ) |
| DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

_____

COMES NOW Plaintiff, demanding trial by jury, and for his complaint against the Defendants, alleges as follows:

## PARTIES

**1.**

Plaintiff, Marcus Adamson, is a natural person and citizen and resident of Great Falls, Cascade County, Montana.

**2.**

Defendant East Penn Logistics, LLC ("East Penn"), is a for profit Pennsylvania corporation registered to do business in Montana. At the time of the incident at issue in this lawsuit, East Penn was delivering products via tractor-trailer in Great Falls, Montana.

**3.**

Defendant Larry Allen Warner ("Warner") is a natural person and citizen and, upon information and belief, a resident of Franklin, Franklin County, Idaho. With respect to the incident at issue in this lawsuit, Warner committed torts both individually and in his capacity as an employee of East Penn Logistics, LLC.

**4.**

The true names and capacities of the Defendants named herein as Does 1-10 are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to state the true names and capacities of Does 1-10 when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and

believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were caused by said Defendants' acts or omissions. Defendant Does 1-10 are natural persons, corporations, partnerships, joint ventures, or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiff's damages as herein alleged.

## JURISDICTION AND VENUE

**5.**

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different states and a citizen of a foreign state where the matter in controversy exceeds $75,000, exclusive of interest and costs.

**6.**

Plaintiff is a citizen of Montana, East Penn is a citizen of Pennsylvania, and Warner is a citizen of Idaho.

**7.**

Plaintiff seeks damages which exceed $75,000.

**8.**

Venue is proper in the Great Falls division of the Court because East Penn is a corporation incorporated in a state other than Montana, Warner is a citizen of Idaho, and the incident at issue took place in Great Falls, Montana.

## GENERAL ALLEGATIONS

**9.**

At approximately 9:00 a.m. on February 25, 2020, Plaintiff was in his 2002 Chevy Trailblazer driving northbound on Sixth Street Southwest in Great Falls, Montana.

**10.**

Immediately prior to the crash, Plaintiff was traveling at or below the posted speed limit.

**11.**

Immediately prior to the crash, Warner was operating a tractor-trailer, facing west at the intersection of Sixth Street Southwest and Crescent Circle. The intersection of Sixth Street Southwest and Crescent Circle has a stop sign mandating all traffic approaching Sixth Street Southwest to stop prior to turning onto Sixth Street Southwest. Warner was obliged to stop and yield to traffic on Sixth Street Southwest.

**12.**

Despite Plaintiff's oncoming vehicle traveling down Sixth Street Southwest, Warner failed to yield and attempted to make a left hand turn onto the southbound lane of Sixth Street Southwest.

**13.**

Warner drove his tractor trailer across oncoming traffic, necessitating Plaintiff to attempt evasive maneuvers to avoid crashing into Warner's tractor trailer.

**14.**

Warner's actions were negligent and violated montana motor vehicle statutes.

**15.**

At all times relevant hereto, Warner was acting in the course and scope of his employment with East Penn, and in furtherance of the business interests of East Penn.

**16.**

East Penn is vicariously liable for Warner's actions while working in the course and scope of his employment.

**17.**

Defendants' negligent and unlawful conduct caused Plaintiff significant damages.

## FIRST CAUSE OF ACTION

### (Negligence against Warner and East Penn)

**18.**

Plaintiff realleges paragraphs 1 through 17 above as paragraphs 1 through 17 of this First Cause of Action.

**19.**

Warner owed a duty to other persons on Montana's roadways, including Plaintiff, to safely and reasonably operate the tractor trailer.

**20.**

Warner breached his duty in the manner in which he negligently operated his motor vehicle on February 25, 2020. His negligence consisted of driving inattentively, carelessly, and/or failing to operate his vehicle safely and prudently.

**21.**

As a direct and proximate result of Warner's negligence as herein alleged, Plaintiff suffered injuries and damages as herein alleged.

## SECOND CAUSE OF ACTION

### (Negligence Per Se Against Warner and East Penn)

**22.**

Plaintiff realleges paragraphs 1 through 21 above as paragraphs 1 through 21 of this Second Cause of Action.

**23.**

Immediately prior to the above described collision, as a vehicle entering a through highway, Warner failed to stop and yield to traffic, in violation of §§ 61-8-341 and § 61-8-344, MCA.

**24.**

Sections 61-8-341 and 61-8-344, MCA, were enacted to protect other persons on the roadway, including Plaintiff, from the exact type of collision at issue in this lawsuit.

**25.**

Warner's violation of the motor vehicle safety laws listed above is negligence per se.

**26.**

As a direct and proximate result of Warner's negligence per se as herein alleged, Plaintiff suffered serious and permanent injuries and damages as herein alleged.

## DAMAGES

**27.**

As a direct and proximate result of Defendants' negligence and negligence per se, Plaintiff suffered serious injuries and damages including: past and future medical expenses; emotional and physical pain and suffering; loss of enjoyment of established

course and way of life; loss of earning capacity; loss of household and personal services; and incidental damages.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages to be established at trial;

2. All recoverable costs; and,

3. For such other and further relief as the Court may deem appropriate.

DATED this 15th day of May, 2020.

                                  KOVACICH SNIPES JOHNSON, P.C.
                                  and
                                  THE PRACTICE OF LAW, PLLC

                                  BY:  /s/ Ross T. Johnson
                                          Ross T. Johnson
                                          P.O. Box 2325
                                          Great Falls, MT  59403
                                          Attorneys for Plaintiff